### Potts, Assignee, *v.* Hahn and others.

(*District Court, D. New Jersey.    October 29, 1887.*)

**PLEADING—MULTIFARIOUSNESS—FRAUDULENT CONVEYANCES.**
In a suit brought by an assignee of a bankrupt against several parties, the complaint alleged facts showing that they were all connected with fraudulent undertakings for the purpose of preventing the bankrupt's property from reaching the assignee's control, but showing also that the defendants were not all connected with each fraudulent act, but that some of them performed one act, and some another, all tending to the same result.    *Held*, upon demurrer on the ground of multifariousness that the complaint was good as the defendants joined in the common fraudulent purpose.

In Equity. Demurrer to bill.
*G. A. Seixas*, for complainants.
*Samuel Kalisch*, for defendants.

WALES, J. Proceedings in bankruptcy were begun against John Hahn, one of the defendants, on the thirty-first of January, 1876, and on the ninth of April, 1887, he was declared a bankrupt, and the complainant appointed assignee. The bill sets forth that John Hahn, in contemplation of insolvency, and within three months before the filing of the petition for adjudication against him, executed a mortgage of his real estate to Louis Kirchner for a considerable sum, and afterwards conveyed the same real estate to Philip Kirchner, who, subsequently, conveyed it to Barbara Hahn, the wife of the bankrupt; that the said mortgage and conveyance were made and delivered without any consideration, and that the said Louis and Philip Kirchner had reasonable cause to believe that John Hahn was insolvent, and that they accepted the said mortgage and conveyance for the purpose of aiding and abetting the bankrupt in his fraudulent scheme to prevent the said real estate from coming to his assignee, and from being distributed under the bankrupt act; that the said Barbara Hahn has not and never had any estate, separate and apart from her husband, and was also a party to the same fraudulent scheme; that at about the time of the pretended conveyance to Philip Kirchner, the bankrupt transferred and in other ways divested himself of all his property, and in particular, on the eighth of January, 1875, being then insolvent, did chattel mortgage and transfer to his son, John Hahn, Jr., for the expressed consideration of $2,500, his stock in trade and all other property connected with and relating to the business of a tobacco and cigar store, and all the household goods belonging to the bankrupt which were then on the premises covered by the mortgage and conveyance to L. and P. Kirchner, with intent to delay and defraud this plaintiff and the bankrupt's creditors, and that John Hahn, Jr., knowingly aided and abetted his father in carrying out his fraudulent plan. The bill concludes with a prayer that the mortgage and deed may be declared void, that the defendants may be enjoined from disposing of the said property, and for an account of the rents and profits, also for the appointment of a receiver. The bill is demurred to for multifariousness, on the ground that it exhibits several distinct matters and causes, in many of which some of the defendants are not in any manner interested or concerned.

The object of joining these defendants was to prevent a multiplicity of suits, an object always favored in equity. The bill alleges that the other defendants, separately or together, aided John Hahn in carrying out a deliberately contrived scheme to defraud his creditors. This makes a single issue on the central question of fraud, to the perpetration of which it is alleged the defendants knowingly contributed by their individual and distinct acts. In *Way* v. *Bragaw*, 16 N. J. Eq. 213, the court said:

"Where there is one entire case stated as against the debtor, it is no objection that one or more of the defendants to whom parts of the property have

been fraudulently conveyed, had nothing to do with the other fraudulent transactions. The case against the debtor is so entire that it cannot be prosecuted in several suits, and yet each of the defendants is a necessary party to some part of the case stated. In such case neither of the defendants can demur for multifariousness, or for a misjoinder of cause of action in some of which he has no interest."

The same doctrine is approved in *Randolph* v. *Daly*, 16 N. J. Eq. 313. Demurrers for the same cause and under an analogous state of facts were overruled in *Railroad Co.* v. *Schuyler*, 17 N. Y. 592, and in *Fellows* v. *Fellows*, 4 Cow. 682. The supreme court of the United States has held that it is impracticable to lay down any fixed, unbending rule as to what constitutes multifariousness. Each case must depend upon its special circumstances and the necessities which may arise out of the due administration of justice in that case. As a general rule, the court will not compel parties to incur the expense, vexation, and delay of several suits where the transactions constituting the subject of the litigation or out of which the litigation arises, are so connected by their circumstances as to render it proper and convenient that they should be examined in the same suit, and full relief given by one comprehensive decree.

A different rule would often prove to be both oppressive and mischievous, and could result in no possible benefit to any litigant whose object was not simply to harass his adversary, but to ascertain what were his just legal rights. *Sheldon* v. *Keokuk N. L. Co.*, 8 Fed. Rep. 769. The defendants can be placed under no disadvantage by being joined in the bill, and the complainant will be saved the expense, labor, and time of prosecuting several suits.

The demurrer is overruled, and it is ordered that the defendants plead to or answer the bill within 30 days.